UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| WOMEN'S APPAREL GROUP, LLC ) | Chapter 7 (Involuntary) |
| ) | Case No. 11-16217 (JNF) |
| Debtor. ) | |
| ) | |

**MOTION BY DEBTOR FOR ENTRY OF AN ORDER FOR RELIEF AND TO CONVERT CASE TO CHAPTER 11 PURSUANT TO 11 U.S.C. §706(a)**
*(Emergency Determination Requested)*

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

The above-captioned debtor (the "Debtor") hereby requests the Court to enter an order for relief in this involuntary proceeding (the "Order for Relief") and subsequently convert this case to a case under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtor requests emergency consideration of the relief requested herein and says in support:

**BACKGROUND**

1. Debtor is in the business of selling women's clothing and accessories through its web site and mail order catalogs.

2. On June 29, 2011 (the "Petition Date"), NL Ventures VII United, L.L.C., La Vita, Inc., Your Label, Inc., and Suburban Service Corp. (collectively, the "Petitioning Creditors") initiated an involuntary petition against the Debtor under Chapter 7 of the Bankruptcy Code, alleging that they were due claims in excess of the amount provided in 11 U.S.C. §303(b) that were not

contingent as to liability or the subject of a bona fide dispute as to liability or amount net of the value of any lien on property of the debtor securing such claims.

3. On June 30, 2011, the court entered its order limiting the ability of the Debtor to convey assets other than in conformity with 11 U.S.C. §363.

4. Debtor operates its business currently from a location at 300 Constitution Drive, Taunton MA, and has continued its operations since the Petition Date including payment of its employees and ongoing expenses as permitted under 11 U.S.C. §303(f).

5. Distinctive Apparel, Inc. ("DAI") holds all of the senior secured debt of the Debtor having acquired it from Wells Fargo Bank, N.A.

6. DAI has also provided financing of the Debtor's operations of some $5,100,000 on a net basis over and in addition to its original secured debt under the terms of the loan agreement with Wells Fargo Bank, N.A. acquired by DAI.

7. Additionally, the Debtor negotiated a release by DAI of its lien on an anticipated tax refund of $3,500,000 that would have been used to provide payment to creditors.

8. DAI has negotiated to provide financing to the Debtor to allow the Debtor to continue its operations and continue to pay its current obligations, including, without limitation the wages of all current employees and certain benefits to employees as well as current expenses and all tax liabilities during any Chapter 11 case.

9. The Debtor has submitted this date a Motion to allow the Debtor to enter into post-petition financing with DAI as the post-petition lender that will provide adequate protection to DAI as the pre-petition lender and permit post-peition financing against a budget all as presented to the Court in such Motion (the "DIP Financing Motion").

10. Based on the agreement with DAI to provide financing, the Debtor has determined that the best course of action for the Debtor and its creditors is to consent to the entry of an Order for Relief and avail itself of the process and protections provided for under Chapter 11.

11. This would include the Debtor under taking a process that would quickly lead to a sale under 11 U.S.C. §363 of substantially all of the assets of the Debtor, the collection of other amounts due to the Debtor, including the tax refund, and an orderly transition of the Debtor's business as a going concern.

## JURISDICTION

12. This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

13. The Debtor consents to the entry of an Order for Relief.

14. The Debtor requests that the Court enter the Order for Relief in accordance with Section 303 of the Bankruptcy Code.

15. The Debtor further seeks to exercise its right, pursuant to Section 706(a), to convert this case to a Chapter 11 case and to serve as a debtor-in-possession of its estate. The Debtor avers that such relief is both warranted under the circumstances and in the best interests of creditors.

**16.** Conversion of this case to a Chapter 11 case will allow the Debtor to implement a an orderly transition of the Debtor's business as a going concern that will maximize the value of its estate for the benefit of its creditors and provide for the orderly sale of its assets under 11 U.S.C. §363 for a potential recovery far in excess of that available if Debtor were to close its operations.

17. Accordingly, conversion of this case to Chapter 11 is warranted and in the best interests of the estate and its creditors.

18. Simultaneously with the filing of this motion, the Debtor has filed the DIP Financing Motion, a motion seeking authority for the Debtor to pay and/or honor certain wage, expense, and benefit obligations, a motion to pay critical vendors, a motion to maintain its bank accounts and business processes and other related requests for relief necessary in order to continue the operation of the Debtor (collectively the DIP Financing Motion and the other related motions are referred as the "First Day Motions") following the entry of the Order for Relief.

19. The Debtor intends to continue to operate its business, retain an advisor to structure the orderly sale of certain of its assets under 11 U.S.C. §363, pay its post petition expenses, including wages and taxes and provide a plan for the recovery for the benefit of its creditors of certain claims, including any tax refund due to the Debtor.

## BASES FOR RELIEF REQUESTED

20. Upon the petition of three or more creditors with non-contingent claims, not otherwise subject to *bona fide* dispute, and unless such petition is timely controverted, an order for relief shall enter in an involuntary case. *See*, 11 U.S.C. §§303(a)(b) and (h).

21. The Debtor does not intend to answer or otherwise controvert the pending involuntary petition.

22. Accordingly, the Debtor requests that this Court enter the Order for Relief.

4

23. Pursuant to Section 706(a) of the Bankruptcy Code, a debtor *may, at any time*, convert its Chapter 7 case to a case under Chapter 11 so long as the case has not been previously converted pursuant to Sections 1112, 1208 or 1307. 11 U.S.C. §706(a).

24. The purpose of Section 706(a) is to provide the honest Debtor a one-time right to pay its debts. *See Maramma v. Citizens Bank of Massachusetts, et al. (In re Marrama)*, 430 F.3d 474, 481, *aff'd* 548 U.S. 365, 127 S.Ct. 1105 (2007).

25. The relief granted by Section 706(a) may be conditioned upon:

    a. The Debtor's case not previously having been converted to a Chapter 7 proceeding;

    b. The Debtor's ability to be a Debtor under Chapter 11; and

    c. A showing of bad faith by the Debtor.

*See e.g., Marrama*, 548 U.S. at 370-374.

26. Conversion under Section 706(a) is considered a presumptive right conferred upon a Debtor by the Bankruptcy Code, subject to certain *de minimus* conditions, even if such right is not absolute. *See generally*, Lawrence W. King, *Collier on Bankruptcy* ¶1017.05[1], at 1017-9 to 1017-10 (1998); *In re Young*, 269 B.R. 816 (Bankr. W.D.Mo. 2001).

27. The Order for Relief not yet having entered, this case has not been previously converted to a Chapter 7 case. The Debtor is qualified to be a debtor-in-possession under Chapter 11 of the Bankruptcy Code. The Debtor is not disqualified from its right to conversion due to bad faith on its part.

28. The Debtor intends to implement a process designed to maximize recovery for its unsecured creditors and continue its operations in order to provide for an orderly transition of its business and assets.

29. For the foregoing reasons, granting the relief requested in this Motion is appropriate and in the best interests of the Debtor's estate, its employees and its creditors.

**EMERGENCY DETERMINATION REQUESTED**

30. The Debtor requests, pursuant to MLBR 9013-1(h), that the Court schedule an emergency hearing on this Motion or grant the Motion without further notice or hearing.

31. The entry of the order for relief and conversion of this case to a case under 11 U.S.C. 1101 et. seq. is a necessary pre-requisite for the Debtor to seek the relief requested under the First Day Motions and the Debtor has also requested Emergency Determination of the First Day Motions.

32. The First Day Motions request the minimum relief necessary so that the Debtor may maintain the operation of its business, pay its employees, retain necessary services from utilities, continue to obtain merchandise absolutely necessary for the continuation of its internet and mail order business and generally preserve the value of the Debtor's business and assets.

33. Absent the emergency relief sought in those motions, the Debtor's estate may be irreparably harmed to the detriment of the estate and its Creditors.

**NOTICE**

34. The Debtor has or will serve this Motion and will serve the notice of the hearing on this Motion on the Office of the United States Trustee, each taxing authority that has a claim in this case, the Debtor's 20 largest unsecured creditors, all parties known by the Debtor claiming to have liens on or security interests in any of the Debtor's assets, and all parties who have filed a notice of appearance in this case. The Debtor submits that such service provides sufficient notice in light of the nature of the relief requested and requests that the Court approve such notice.

**WHEREFORE**, the Debtor respectfully requests that this Court, on an emergency basis, (a) enter an Order for Relief pursuant to 11 U.S.C. §303(h), (b) enter an order converting this case to a case under Chapter 11 of the Bankruptcy Code, and (c) grant to the Debtor such other and further relief as the Court deems just and proper in the circumstances.

> WOMEN'S APPAREL GROUP, LLC
> By its counsel,
> /s/ Richard S. Rosenstein
> Richard S. Rosenstein (BBO #429100)
> NUTTER, MCCLENNEN & FISH, LLP
> Seaport West
> 155 Seaport Boulevard
> Boston, MA 02210-2604
> (617) 429-2000
> rrosenstein@nutter.com

Dated:  July 12, 2011