UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

In re
**WOMEN'S APPAREL GROUP, LLC,**
Debtor

Chapter 11
Case No. 11-16217-JNF

### ORDER

Upon consideration of 1) the Motion filed by Debtor for (I) Authorization to (A) Obtain Secured Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364(c) and (d); (B) Grant Security Interests, Superpriority Claims and Adequate Protection; and (C) Use Cash Collateral and (II) Schedule a Final Hearing Pursuant to Bankruptcy Rule 4001(c) (the "Motion") (#48), and the exhibits associated therewith; 2) the hearing held on July 13, 2011 with respect to the Motion; 3) the Interim Order dated July 15, 2011 with respect to the Motion; 4) the continuation of the final hearing with respect to the Motion from July 26, 2011 to August 10, 2011; 5) the objections asserted at the hearing held on August 10, 2011, in particular the objection of the United States trustee; 6) the Court's rulings at the conclusion of the hearing; 7) the representations of counsel to the Debtor, the Official Committee of Unsecured Creditors, and Distinctive Apparel, Inc. ("DAI" or the "DIP Lender") that a proposed final order would be submitted promptly; 8) the failure to submit a proposed form of final order; 9) the termination of the DIP Facility and Use of Cash Collateral pursuant to paragraph 6 of the Interim Order; 10) the Court's order of

1

August 17, 2011 sustaining the objections of RT Tauton, LLC, NL Ventures VII United, L.L.C., and Oracle America, Inc. to the Motion for Determination of Final Form of Asset Purchase Agreement (#255) and denying that Motion, the Court finds that the Interim Order is no longer in effect; that the Debtor is no longer authorized to borrow from or use the cash collateral of the DIP Lender; and that the sale contemplated by the parties to DAI pursuant to the Debtor's Motion Requesting (I) Approval of (A) Asset Purchase Agreement and Authorizing the Sale of Substantially All of the Debtor's Assets Outside the Ordinary Course of Business, Free and Clear of All Liens, Claims, Interests and Encumbrances, and Subject to Competing Offers; and (B) Bid and Auction Procedures; and (II) Related Relief (#85) is no longer in prospect. The Court finds that there is cause to appoint a Chapter 11 Trustee and such appointment is in the best interest of creditors and the bankruptcy estate. Accordingly, the Court appoints a Chapter 11 Trustee. *See* <u>Fukutomi v. U.S. Trustee (In re Bibo, Inc.)</u>, 76 F.3d 256, 258 (9th Cir. 1996), *cert. denied*, 519 U.S. 817 (1996); <u>Keven A. McKenna, P.C. v. Official Comm. of Unsecured Creditors</u>, No. CA 10-472-ML, 2011 WL 2214763 at *3 (D. R.I. May 31, 2011).

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: August 18, 2011

2