UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| WOMEN'S APPAREL GROUP, LLC ) | Chapter 11 |
| ) | Case No. 11-16217 (JNF) |
| Debtor. ) | |
| ) | |

**JOINT MOTION OF THE DEBTOR,
THE CREDITORS' COMMITTEE AND DIP LENDER TO RECONSIDER OR,
IN THE ALTERNATIVE, TO STAY AUGUST 18, 2011 ORDER (DOCKET # 275)**

*(Emergency Determination Requested)*

**To the Honorable Joan N. Feeney, United States Bankruptcy Judge:**

Debtor Women's Apparel Group, LLC (the "Debtor"), the Official Committee of Unsecured Creditors (the "Creditors' Committee") and Distinctive Apparel, Inc. ("the DIP Lender") (collectively, the "Movants") file this motion seeking reconsideration of the Court's August 18, 2011 order (Docket # 275): (i) finding that the Debtor is no longer authorized to borrow from or use the cash collateral of the DIP Lender and (ii) appointing a Chapter 11 Trustee.

In support of this Motion, the Movants respectfully state as follows:

1.      The Proposed Final Form of Order on the Debtor's Motion For Authorization To Obtain Secured Financing (Docket # 48) has been agreed to for over one week.  The Order was circulated to objecting creditors in a good faith effort to obtain a consensus.   The objecting creditors offered no comments or further objections.  The Proposed Final Form of Order, attached hereto as **Exhibit A**, was not submitted prior to yesterday's hearing because certain provisions were tied to the sale deadlines.  Once the Court ruled yesterday, the dates were revised to eliminate the possibility of a default, and are consistent with the revised proposed

Asset Purchase Agreement and procedures to be submitted to the Court. The Movants assert that this Proposed Final Form of Order resolves the objections previously raised with the Court and accords with the Court's directives at the August 10, 2011 hearing.

2. The DIP Lender reaffirms and restates its commitment to fund the Debtor's operations in accordance with the Proposed Final Form of Order and further states that it has waived any Event of Default that may have arisen under the Interim Order entered by the Court (Docket #78). The Movants contend that any Event of Default only gave rise to a termination right on the part of the DIP Lender, which it has expressly declined to exercise.

3. Immediately following yesterday's hearing, the Movants worked to draft documents that would resolve the objections sustained by the Court. Indeed, prior to the entry of the Court's order today, the Movants discussed revised terms with RT Taunton LLC and Oracle America, Inc. as to the Final Form of Order Approving Bid Procedures, Bid Procedures, Asset Purchase Agreement and Notice of Sale, which address the objecting creditors' concerns. In relevant part, these documents will provide that:

    a. the asset sale would take place in Court on September 9, 2011 or as soon thereafter as the Court may approve;

    b. final closing would take place by October 31, 2011;

    c. after the entry of a Sale Order and prior to any closing, the Debtor will continue to operate and honor executory contracts;

    d. no counterparty will be compelled to accept performance from any party other than the Debtor, absent assignment pursuant to 11 U.S.C. §365;

    e. there would be a procedure by which the Successful Bidder would designate executory contracts to be assumed or rejected 21 days prior to

the closing of the sale and the Debtor would file with this Court for a determination of the assumption and assignment of any such executory contract so designated in accordance with a procedure giving notice and opportunity to object, including notice of the proposed Cure Amount so that this Court could make a prompt determination as to any such assumption and assignment in accordance with 11 U.S.C. §365;

f. the Asset Purchase Agreement would provide that the Buyer has to close regardless of whether any executory contract was assumed and assigned; and

g. the winning bidder would assume all obligations to fund the Debtor through the closing date.

4. The Movants assert that these documents would resolve the objections sustained by the Court yesterday. The Debtor intends promptly to circulate and finalize these documents, in concert with the objecting creditors, and in a good faith effort to resolve any remaining issues. The Debtor proposes to submit proposed final forms of the Order Approving Bid Procedures, Bid Procedures, Asset Purchase Agreement and Notice of Sale no later than August 22, 2011.

5. This is a critical time for the Debtor's business. The Debtor cannot continue operations without financing. Under the Interim Order, all cash collections are paid daily from a lock box to the pre-petition lender as adequate protection payments and the only funds available to the Debtor are those advanced by the DIP Lender under the budget. The DIP Lender is ready and able to fund substantial payments to employees, vendors and other creditors. Without these payments, the Movants are concerned that vendors will terminate valuable relationships with the Debtor and prevent any successor from working with those vendors.

6. If financing is not permitted to resume or otherwise is secured expeditiously, the Movants assert that the going concern value of the Debtor will be lost immediately, drastically reducing the possibility of recovery for the benefit of unsecured creditors, as presented by the Creditors Committee at the hearing on August 10, 2011.

7. Additionally, the Debtor's entire operation would have to close immediately and the Debtor will have to notify all of its workers that they cannot report to work on Monday.

8. Without authority to borrow, the Debtor cannot continue to operate its business, and cannot continue to provide employment to its employees, notwithstanding that the Debtor desires to continue to operate and the DIP Lender is willing to fund.

9. In the alternative, the Movants respectfully request that a stay be granted as to the Court's order, and that the Final Order as to the DIP Lending be entered by this Court to permit the Debtor to address the issues raised by the Court at the hearing on August 17, 2011 and in the Court's August 18, 2011 order.

## EMERGENCY DETERMINATION REQUESTED

10. The Movants respectfully request that the Court grant the Motion without further notice or hearing. In the alternative, the Movants respectfully request a hearing on a date as soon hereafter as the Court may accommodate.

11. Absent the relief sought herein, the Movants asserts that the Debtor will be unable to continue its operations.

## NOTICE

12. The Debtor will serve this Motion on the Office of the United States Trustee, the Creditor's Committee, all parties who received copies of the Revised Proposed Order, the Revised Bid Procedures and the Revised Asset Purchase Agreement and all parties who have

filed a notice of appearance in this case. The Movants submits that such service provides sufficient notice in light of the nature of the relief requested and requests that the Court approve such notice.

WHEREFORE, the Movants respectfully request that the Court reconsider, or, in the alternative, stay its August 18, 2011 order (Docket # 275): (i) finding that the Debtor is no longer authorized to borrow from or use the cash collateral of the DIP Lender and (ii) appointing a Chapter 11 Trustee. Moreover, the Movants respectfully request that the Court grant the Motion without further notice or hearing or, in the alternative, schedule a hearing on a date as soon hereafter as the Court may accommodate.

Dated: August 18, 2011

> Respectfully submitted,
>
> WOMEN'S APPAREL GROUP, INC.,
>  Debtor
>
> By counsel to Debtor and Debtor-in-Possession,
>
> /s/ Richard S. Rosenstein
> Richard S. Rosenstein (BBO# 429100)
> James F. Coffey (BBO#552620)
> Nutter, McClennen & Fish, LLP
> 155 Seaport Boulevard
> Boston, MA  02210
> Phone:  (617) 439-2000
> Fax:    (617) 310-9390
> Emails: rrosenstein@nutter.com
>         jcoffey@nutter.com

5

DISTINCTIVE APPAREL, INC.

By its counsel,

/s/ Alan Noskow
Douglas R. Gooding
William S. McMahon
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110

Alan Noskow
Erika Morabito
Patton Boggs, LLP
2550 M Street, NW
Washington, DC 20037

THE CREDITORS' COMMITTEE

By its counsel,

/s/ Eric R. Wilson
Eric R. Wilson
Jason R. Adams
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 808-7800
Fax: (212) 808-7897

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| WOMEN'S APPAREL GROUP, LLC ) | Chapter 11 |
| ) | Case No. 11-16217 (JNF) |
| Debtor. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of August, 2011, a copy of the foregoing document filed by Richard Rosenstein, Esq. and the law firm of Nutter, McClennen & Fish, LLP in the captioned matter was served either by ECF upon the parties on the attached service list (for registered participants as identified on the Notice of Electronic Filing (NEF)) or e-mail (for non-registered participants).

/s/ Richard S. Rosenstein

Dated: August 18 , 2011

**SERVICE LIST**

**U.S. Trustee**

    John Fitzgerald
    Office of the US Trustee
    J.W. McCormack Post Office & Courthouse
    5 Post Office Sq., 10th Fl, Suite 1000
    Boston, MA 02109

**Petitioning Creditors**

    Michael J. Goldberg, Esq.
    Casner & Edwards, LLP
    303 Congress Street
    Boston, MA 02210
    *(Counsel to NL Ventures VII United, L.L.C.)*

    Brian K. Aylward, Esq.
    Smith, Levenson, Cullen & Aylward, P.C.
    5 Essex Green Dr.
    Peabody, MA 01960
    *(Counsel to La Vita, Inc. and Your Label, Inc.)*

    Marianne E. Brown, Esq.
    Law Offices of Marianne E. Brown
    22 Mill Street
    Suite 408
    Arlington, MA 02476
    *(Counsel to Suburban Service Corporation)*

**Creditors' Committee**

    Eric R. Wilson
    Jason R. Adams
    Kelley Drye & Warren LLP
    101 Park Avenue
    New York, NY 10178
    Phone: (212) 808-7800
    Fax: (212) 808-7897
    (*Proposed Counsel to Creditors' Committee*)

**Noticed Appearances**

    Mary T. Sullivan, Esq.
    Anne R. Sills, Esq.
    Segal Roitman, LLP

111 Devonshire Street, Fifth Floor
Boston, MA 02109
*(Counsel to The New England Joint Board, UNITE-HERE)*

Douglas R. Gooding, Esq.
William S. McMahon, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110
*(Counsel to Distinctive Apparel, Inc.)*

Alan Noskow, Esq.
Erika Morabito, Esq.
Patton Boggs, LLP
2550 M Street, NW
Washington, DC 20037
*(Counsel to Distinctive Apparel, Inc.)*

Norman N. Kinel, Esq.
David A. Van Grouw, Esq.
Lowenstein Sandler PC
1251 6th Avenue
New York, NY  10020
*(Counsel to Paymentech LLC)*

Euripides Dalmanieras, Esq.
Foley Hoag, LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
*(Counsel to CIBER, Inc.)*

Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068
*(Counsel to Gould Paper Corporation)*

Shawn M. Christianson, Esq.
Buchalter Nemer
333 Market St., 25th Fl.
San Francisco, CA 94105
*(Counsel to Oracle America, Inc.)*

Peter L. Hatem, Esq.

Attorney Peter L. Hatem, P.C.
258 U.S. Route One
Scarborough, Maine 04074-8904
*(Counsel to Oracle America, Inc.)*

Harlan M. Lazarus, Esq.
Lazarus & Lazarus, P.C.
240 Madison Avenue, 8th Floor
New York, NY  10016
*(Counsel to Joining Forest (International) Co., Ltd. , Li Cheng Garments (Hubei) Co., Ltd , Zhuji Wonderful Win Garments Co., Ltd. , Zhuji Dahe Clothing Co., Ltd. , Zhu Hai Hao Yuan Garment Co., Ltd. , Zhejiang Charm Winner Garments Co., Ltd. , Y.C. (Lam's) Knitting Factory Ltd. , Venco Industrial Ltd., Sinotex-Fortune Profit GMT Limited , Shenglida Garments Zhejiang Co., Ltd , Shanghai Surpass Corp., Ltd., Shanghai Rongyu Garment Co. Ltd., Riverland International Group Limited, Ningbo Seduno Import & Export Co., Ltd., Jiangsu Jing Meng Knitting Co., Ltd., Hangzhou Xinhe Import & Export Co., Ltd., Hangzhou Chunjie Garmets Co., Ltd., Crown Elegant Trading Limited , Better Glory International Limited)*

Sean Gillian, Esq.
Gesmer Updegrove LLP
40 Broad Street
Boston, MA 02109
*(Counsel to Neolane)*

Joseph S.U. Bodoff, Esq.
Bodoff & Associates, P.C.
120 Water Street
Boston, MA 02109-4251
*(Counsel to R.T. Tauton LLC)*

Peter B. McGlynn, Esq.
Bernkopf Goodman LLP
125 Summer Street, Ste. 1300
Boston, MA 02110
*(Counsel to USA-800, Inc.)*

Christopher A. Ward, Esq.
Polsinelli Shughart
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
*(Counsel to USA-800, Inc.)*

James E. Bird, Esq.
Polsinelli Shughart

700 W. 47th Street, Suite 1000
Kansas City, MO 64112
*(Counsel to USA-800, Inc.)*

Thomas H. Curran, Esq.
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
*(Counsel to Verizon Communications)*

Paula K. Jacobi, Esq.
Barnes & Thornburg LLP
One North Wacker Drive,
Suite 4400
Chicago, IL 60606
*(Counsel to R.T. Tauton LLC)*

Kenneth J. Schweiker, Jr., Esq.
Brown & Connery, LLP
6 North Broad Street
Woodbury, NJ 08096
(Counsel to SAP America, Inc. and SAP Industries)

2037705.1